CHRISTIAN HAUSER, Plaintiff in Error, *v.* GOTTLIEB METZGER, Defendant in Error.

In a suit on a promissory note, the answer was that "the defendant denies all the allegations of the petition."

*Held*, that such an answer was equivalent to the general issue, and did not authorize, under the Code, proof of special matter by way of defense.

When, by consent of both parties, a jury is waived, and a cause submitted to the court, neither party can subsequently withdraw his waiver and demand a jury, unless for special reasons to be determined by the court.

ERROR TO SPECIAL TERM.

*Kebler & Whitman*, for plaintiff in error.

*Forrest & Lindemann*, contra.

STORER, J.    Two questions are presented by the bill of exceptions filed in the cause, judgment having been rendered for the plaintiff by the court below.

The action is upon a promissory note made by Jacob & Brill, payable to the defendant or his order, for $1,291.15, and alleged to have been indorsed by him to the plaintiff. The answer is, "that the defendant denies all the allegations set forth in the petition and asks judgment." No set-off or counter-claim is set up, nor any denial of indebtedness.

On the trial below, it appears the defendant attempted to prove the note was a forgery, and was allowed to do

so, notwithstanding he had virtually admitted its genuineness by not specifically denying the existence of the note. This privilege granted to the defendant involved the fact whether the note was genuine or not, and made it necessary, on that issue, for the judge to state, that in all cases of a criminal nature, the court or jury trying the case must be satisfied beyond a reasonable doubt, and that on the hearing of this case the rule he suggested would govern him. In this, we think, he was clearly right. Although the preponderance of the testimony, when no crime is charged, is the rule to determine ordinary actions, yet where it is, the testimony should be free from all reasonable doubt.

We are satisfied that no error was committed in thus adhering to the decisions of our courts in similar cases. (*Lexington Insurance Company* v. *Paver*, 16 Ohio, 324; *Strader et al.* v. *Mullane et al.*, 17 Ohio St. 626.)

We think that the answer was what would be regarded, before the Code, as the general issue; and it was a principle of the Code to do away with mere traverses, and compel the defendant to set out in his answer, in a substantial manner, his whole defense. Here the plaintiff was not advised of what the defendant intended to do, and as was said in *Knox County Bank* v. *Lloyd's Adm'rs*, 18 Ohio St. 365, such a pleading should be disregarded.

Another error is assigned, that the court would not grant a trial by jury, though requested to do so by the defense.

We find the case was regularly set down to be tried on submission and had been for several terms; witnesses had been summoned and preparation made by the parties to dispense with a jury. This we have always held to be a waiver by both parties of a jury trial, and ought not, except in special cases, to permit either party to withdraw his consent to a submission. If we did not adhere to this rule, it would be difficult to limit parties in their application for a *nisi prius* trial.

When a case is once fairly left to the court, and is set

down by the counsel of both parties to be heard, it is but just that it should abide the result of a trial before the tribunal they have selected.

Judgment affirmed.